IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 8, 2010 Session

# ROBERT JOE LEE v. CHARLES E. RIDENOUR, TRUSTEE, ET AL.

**Appeal from the Chancery Court for Monroe County**
**No. 16128      Jerri S. Bryant, Chancellor**

_____

**No. E2010-00731-COA-R3-CV - FILED DECEMBER 28, 2010**

_____

In December of 2008, Robert Joe Lee ("Plaintiff") sued Charles E. Ridenour, Trustee, and FSG Bank National Association ("FSG Bank") seeking, in part, a declaratory judgment with regard to two trust deeds, and an injunction preventing FSG Bank from foreclosing on the real property named in the trust deeds. After a trial, the Trial Court entered a Final Judgment on February 25, 2010 finding and holding, *inter alia*, that the trust deeds created a valid enforceable lien on the named real property, and dismissing Plaintiff's complaint. Plaintiff appeals to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Barry K. Maxwell, Madisonville, Tennessee, for the appellant, Robert Joe Lee.

Thomas H. Dickenson, and Oliver D. Adams, Knoxville, Tennessee, for the appellee, FSG Bank National Association.

**OPINION**

**Background**

Plaintiff, who was born and raised in the Madisonville area of Tennessee, is retired and now lives in Florida. In 1997, prior to his retirement, Plaintiff and his son started a business which they incorporated as Lee Family Homes, Inc. Plaintiff was a vice president of Lee Family Homes, Inc. until February of 2001. Plaintiff has not been involved in the

day-to-day operations of Lee Family Homes, Inc. since February of 2001.

In June of 2003, Plaintiff met his son at FSG Bank at which time Plaintiff executed a trust deed to secure a loan given to Lee Family Homes, Inc. with real property owned by Plaintiff. In August of 2006, Plaintiff executed a second trust deed and a modification agreement to secure a loan given to Lee Family Homes, Inc. with real property owned by Plaintiff. The real property named in both the June 2003 and the August of 2006 trust deeds ("the Trust Deeds") consists of approximately 340 acres owned by Plaintiff alone.

In November of 2008, FSG Bank sent a letter to Plaintiff declaring the loans to Lee Family Homes, Inc. in default and demanding payment. FSG Bank did not receive payment and commenced foreclosure proceedings against the real property named in the Trust Deeds. Plaintiff then filed this suit seeking declaratory judgment, an injunction, and damages.

The case proceeded to trial. At trial, Plaintiff testified and admitted that he voluntarily signed the Trust Deeds and that nobody forced him to sign them. After the trial, the Trial Court entered its Final Judgment on February 25, 2010 finding and holding, *inter alia*, that the Trust Deeds created a valid enforceable lien on Plaintiff's real property, and dismissing Plaintiff's case. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether the Trial Court erred in construing the Trust Deeds to create an enforceable lien on Plaintiff's real property.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As this Court explained in *Kafozi v. Windward*:

> In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002)(citing

*Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id*. (quoting 17 Am. Jur. 2d, *Contracts*, § 245).

This Court's initial task in construing the Contract at issue is to determine whether the language of the contract is ambiguous. *Planters Gin Co.*, 78 S.W.3d at 890. If the language is clear and unambiguous, the literal meaning of the language controls the outcome of the dispute. *Id*. A contract is ambiguous only when its meaning is uncertain and may *fairly* be understood in more than one way. *Id.* (emphasis added). If the contract is found to be ambiguous, we then apply established rules of construction to determine the intent of the parties. *Id*. Only if ambiguity remains after applying the pertinent rules of construction does the legal meaning of the contract become a question of fact. *Id*.

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698-99 (Tenn. Ct. App. 2005).

To begin, we note that Plaintiff argues on appeal that the Trial Court erred in finding the Trust Deeds ambiguous when neither party claimed that the Trust Deeds were ambiguous. In its Memorandum Opinion incorporated into the Final Judgment by reference, the Trial Court stated that the Trust Deeds are internally inconsistent because they refer to both a 'grantor' in the singular and 'grantors' in the plural causing grammatical problems within the Trust Deeds where a singular subject appears with a plural verb.

This grammatical problem, however, does not create an ambiguity in the Trust Deeds. The Trust Deeds contain a provision which specifically provides that "the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders." This provision "solves" the grammatical problem.

After a careful and thorough review of the Trust Deeds, we find no ambiguity in the Trust Deeds. As such, we look to the "usual, natural, and ordinary meaning of the contract language" in order to determine the intent of the parties. *Id*. at 698.

Plaintiff also argues on appeal, in part, that the Trust Deeds are invalid because they name Lee Family Homes, Inc. as the grantor, not Plaintiff, despite the fact that Lee Family Homes, Inc. never owned the subject real property. Plaintiff claims that the failure to name him as the grantor in the Trust Deeds renders the Trust Deeds invalid. We disagree.

Although Lee Family Homes, Inc. is named as the grantor in the Trust Deeds, the description of the real property contained in the Trust Deeds shows that the real property is owned by Plaintiff. Furthermore, and even more importantly, Plaintiff freely and voluntarily signed the Trust Deeds, which clearly state that the real property is securing loans made to Lee Family Homes, Inc. Plaintiff is a party to both Trust Deeds, and the clear intent of the parties to the Trust Deeds was for Plaintiff's real property to be used as collateral to secure loans given to Lee Family Homes, Inc. by FSG Bank. To hold that this was not the intent of the parties would render the Trust Deeds completely meaningless. There is no dispute that Lee Family Homes, Inc. does not, and never did, own the subject real property. The signature of the president of Lee Family Homes, Inc. on the Trust Deeds is meaningless without the signature of Plaintiff, who actually owns the subject real property and who did sign the Trust Deeds.

There is no dispute regarding the critical facts in this case. Several years before the Trust Deeds were executed, Plaintiff was involved in the business of Lee Family Homes, Inc. and held the office of vice president. At the time the Trust Deeds were executed, Plaintiff's son was the president of Lee Family Homes, Inc. The real property named in the Trust Deeds is owned by Plaintiff. Plaintiff freely and voluntarily signed the Trust Deeds. The Trust Deeds clearly and unambiguously provide that the described real property is collateral securing loans given to Lee Family Homes, Inc. by FSG Bank.

Given all this, we find no error in the Trial Court's judgment that the Trust Deeds created a valid enforceable lien on the named real property. As we stated above, any other conclusion would render the Trust Deeds meaningless, would defy logic, and would be contrary to the clear intention of the parties to the Trust Deeds. We, therefore, affirm the Trial Court's February 25, 2010 Final Judgment.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the

-4-

Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellant, Robert Joe Lee and his surety.

_____
D. MICHAEL SWINEY, JUDGE